UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK

| | |
|---|---|
| JAVIER CALVO, Derivatively on Behalf of Nominal Defendant EBIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ROBIN RAINA, STEVEN M. HAMIL, HANS U. BENZ, ROLF HERTER, NEIL D. ECKERT, PAVAN BHALLA, HANS UELI KELLER, and GEORGE W. HEBARD,<br><br>Defendants,<br><br>and<br><br>EBIX, INC.,<br><br>Nominal Defendant. | Case No. 21-cv-4380-JMF |
| PETER VOTTO, derivatively on behalf of EBIX, INC.,<br><br>Plaintiff,<br>v.<br><br>ROBIN RAINA, STEVE HAMIL, PAVAN BHALLA, HANS U. BENZ, NEIL D. ECKERT, ROLF HERTER, HANS U. KELLER, and GEORGE W. HEBARD,<br><br>Defendants,<br><br>EBIX, INC.,<br><br>Nominal Defendant. | Case No. 21-cv-5982-JMF |

**STIPULATION AND [PROPOSED] ORDER CONSOLIDATING
RELATED DERIVATIVE ACTIONS AND APPOINTING CO-LEAD COUNSEL**

WHEREAS, on May 14, 2021, Plaintiff Javier Calvo ("Calvo") filed a shareholder derivative complaint, captioned *Calvo v. Raina, et al.*, Case No. 21-cv-4380-JMF (the "*Calvo* Action"), on behalf of nominal defendant Ebix, Inc.. ("Ebix" or the "Company"), against Robin Raina, Steve Hamil, Hans U. Benz, Rolf Herter, Neil D. Eckert, Pavan Bhalla, Hans U. Keller, and George W. Hebard (collectively, the "Individual Defendants," together with the Company, the "Defendants") for breach of fiduciary duties, as well as claims against Robin Raina and Steve Hamil for contribution under Section 10(b) and Section 21D of the Securities Exchange Act of 1934 ("Exchange Act") (the "Calvo Complaint");

WHEREAS, on July 13, 2021, Plaintiff Peter Votto ("Votto," and with Calvo, the "Plaintiffs") filed a shareholder derivative complaint, captioned *Votto v. Raina, et al.*, Case No. 21-cv-5982-JMF (the "*Votto* Action," and with the *Calvo* Action, the "Related Derivative Actions"), on behalf of nominal defendant Ebix, against the Individual Defendants for breach of fiduciary duties, unjust enrichment, waste of corporate assets, and rescission under Section 29(b) of the Exchange Act, as well as claims against Robin Raina and Steve Hamil for contribution under Section 10(b) and Section 21D of the Exchange Act (the "Votto Complaint");

WHEREAS, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, the Related Derivative Actions challenge similar alleged misconduct by the Individual Defendants and involve common questions of law and fact;

WHEREAS, to avoid potentially duplicative actions and to preserve both public and private resources, the parties have met and conferred and agree that the Related Derivative Actions should be consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated

action (hereinafter referred to as the "Consolidated Derivative Action");

WHEREAS, on February 22, 2021 a purported class action was filed in the United States District Court for the Southern District of New York against Ebix, Robin Raina, and Steve Hamil, alleging violations of the Exchange Act, captioned *Saraf v. EBIX, Inc., et al.*, Case No. 1:21-cv-01589-JMF (the "Securities Action");

WHEREAS, the amended complaint in the Securities Action is currently due on or before July 23, 2021;

WHEREAS, defendants in the Securities Action intend to move to dismiss the amended complaint;

WHEREAS, on July 8, 2021 the Court stayed the *Calvo* Action pending resolution of any motion(s) to dismiss the Securities Action (ECF Nos. 17-18);

WHEREAS, the stay of the *Calvo* Action does not apply to this stipulation pertaining to consolidation of related shareholder derivative actions and appointment of lead counsel (ECF No. 17-1, at 3);

WHEREAS, the Plaintiffs and the Defendants in the Consolidated Derivative Action (collectively, the "Parties") have met and conferred regarding the most efficient manner in which to proceed; and

WHEREAS, the Parties agree that the outcome of the Securities Action may impact the Derivative Action and that the Consolidated Derivative Action should be stayed pursuant to the terms previously ordered by the Court (ECF No. 18);

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties hereto, through their undersigned counsel, as follows:

## CONSOLIDATION

1.      The following actions shall be consolidated for all purposes, including pre-trial proceedings and trial, into one action, the Consolidated Derivative Action:

| Case Name | Case No. | Date Filed |
|---|---|---|
| *Calvo v. Raina, et al.* | 21-cv-4380-JMF | May 14, 2021 |
| *Votto v. Raina, et al.* | 21-cv-5982-JMF | July 13, 2021 |

2.      Every pleading filed in the Consolidated Derivative Action, or in any separate actions included herein, shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT COURT OF NEW YORK**

| | |
|---|---|
| In re EBIX, INC. SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Lead Case No. 21-cv-4380-JMF<br><br>(Consolidated with Case No. 21-cv-5982-JMF) |

3.      The files of the Consolidated Derivative Action will be maintained in one file under Lead Case No. 21-cv-4380-JMF.

4.      This Order shall apply to any purported stockholder derivative action on behalf of nominal defendant Ebix, Inc., arising out of the same or substantially the same transactions or events as the Consolidated Derivative Action that is subsequently filed in, removed to, or transferred to this Court ("Related Action").

5.      Defendants shall promptly notify Plaintiffs if and once they become aware of any Related Action.

6. If a Related Derivative Action is hereafter filed in this Court, removed to this Court, or transferred here from another court, Co-Lead Counsel shall promptly call to the attention of the Clerk of the Court the filing or transfer of any case, which might properly be consolidated as part of *In re Ebix, Inc., Shareholder Derivative Litigation*, Lead Case No. 21-cv-4380-JMF.

7. The Parties to this Stipulation agree that it would be duplicative and wasteful of the Court's resources for any Defendant who has been properly served, has agreed to accept service, or who is served in the future to have to respond whether by answer or motion to the individual complaints before a consolidated complaint is filed in the Consolidated Action. Therefore, the Parties to this Stipulation agree that any Defendant who has been properly served, has agreed to accept service, or who is served in the future, need only respond, plead, move, or answer to any consolidated complaint filed in the Consolidated Action or to any other related complaints that are subsequently assigned or transferred to this Court. To the extent that any Defendant now named in any of the existing complaints filed in the Consolidated Derivative Action is not named in the consolidated complaint, the claims against such Defendant shall be deemed dismissed without prejudice. Any pleading filed or served in one of the underlying actions shall become part of the Consolidated Derivative Action.

8. The previously ordered stay of the *Calvo* Action (ECF No. 18) shall apply to the Consolidated Derivative Action.

## APPOINTMENT OF CO-LEAD COUNSEL

9. Co-Lead Counsel for plaintiffs ("Co-Lead Counsel") in the Consolidated Derivative Action is:

**GLANCY PRONGAY & MURRAY LLP**
Benjamin I. Sachs-Michaels
Matthew M. Houston
712 Fifth Avenue

5

New York, New York 10019
Telephone: (212) 935-7400
bsachsmichaels@glancylaw.com

**MOORE KUEHN, PLLC**
Justin A. Kuehn
Fletcher W. Moore
30 Wall Street, 8th floor
New York, New York 10005
Tel: (212) 709-8245
jkuehn@moorekuehn.com
fmoore@moorekuehn.com

10. Co-Lead Counsel shall have sole authority to speak for plaintiffs in matters regarding pre-trial procedure, trial, and settlement and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of the Consolidated Action and to avoid duplicative or unproductive effort.

11. Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs.  No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiff except through Co-Lead Counsel.

12. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, and such agreements shall be binding on all plaintiffs in the Consolidated Derivative Action.

13. ~~Attached hereto as Exhibits A and B, respectively, are the firm resumes for Glancy Prongay & Murray LLP and Moore Kuehn, PLLC.~~

14. Except as expressly stated herein, the Parties are not waiving any rights, claims, or defenses of any kind, and Defendants expressly reserve all rights, claims, and defenses, including, but not limited to, those regarding the standing and adequacy of plaintiffs to prosecute the Consolidated Derivative Action pursuant to Federal Rule of Civil Procedure 23.1 and 8 *Del. C.* §327.

15. The Parties reserve the right to seek further extensions of time as circumstances

may warrant, subject to the Court's approval.

Dated: July 22, 2021

        **GLANCY PRONGAY & MURRAY LLP**

          */s/ Benjamin I. Sachs-Michaels*
        Benjamin I. Sachs-Michaels
        Matthew M. Houston
        712 Fifth Avenue
        New York, New York 10019
        Telephone: (212) 935-7400
        bsachsmichaels@glancylaw.com

        *Attorney for Plaintiff Javier Calvo and [Proposed] Co-Lead Counsel for Plaintiffs*

Dated: July 22, 2021

        **MOORE KUEHN, PLLC**

          */s/Justin A. Kuehn*
        Justin A. Kuehn
        Fletcher W. Moore
        30 Wall Street, 8th floor
        New York, New York 10005
        Tel: (212) 709-8245
        jkuehn@moorekuehn.com
        fmoore@moorekuehn.com

        *Attorneys for Plaintiff Peter Votto and [Proposed] Co-Lead Counsel for Plaintiffs*

Dated: July 22, 2021

        **SKADDEN, ARPS, SLATE,**
         **MEAGHER & FLOM LLP**

          */s/ Julie E. Cohen*
        Julie E. Cohen
        One Manhattan West
        New York, New York 10001
        Tel.: (212)735-3000
        julie.cohen@skadden.com

>Paul J. Lockwood (admitted pro hac vice)
>Cliff C. Gardner (admitted pro hac vice)
>SKADDEN, ARPS, SLATE,
>  MEAGHER & FLOM LLP
>One Rodney Square
>P.O. Box 636
>Wilmington, Delaware 19899-0636
>Tel.: (302) 651-3000
>paul.lockwood@skadden.com
>cliff.gardner@skadden.com
>
>*Attorneys for Nominal Defendant Ebix, Inc. and Defendants Robin Raina, Steven M. Hamil, Hans U. Benz, Rolf Herter, Neil D. Eckert, Pavan Bhalla, Hans Ueli Keller, and George W. Hebard*

**SO ORDERED** this \_\_\_23rd\_\_\_ day of \_\_\_July\_\_\_, 2021

The Clerk of Court is directed to close 21-CV-5982.

_____
The Honorable Jesse M. Furman
United States District Judge